IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| BRANDON and SHELBY ROLLER,<br><br>    Plaintiffs,<br><br>    v.<br><br>JOSEPH HYCHE and DIEBOLD NIXDORF, INC.<br><br>    Defendants. | CIVIL ACTION NO.: _____<br><br>JURY TRIAL DEMANDED |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Diebold Nixdorf, Inc. ("Diebold"), through the undersigned counsel, removes this case from the Circuit Court of the First Judicial Circuit of Florida, in and for Okaloosa County, Florida, to the United States District Court for the Northern District of Florida, Pensacola Division. In support of this Notice of Removal, Diebold states as follows:

1.  This case arises from a motor vehicle versus motorcycle accident that occurred on April 4, 2017, between Plaintiffs Brandon and Shelby Roller ("Plaintiffs") and Defendant Joseph Hyche, a former employee of Diebold. On March 5, 2020, Plaintiffs filed their Complaint against Defendants Hyche and Diebold, styled as *Brandon P. Roller and Shelby N. Roller v. Joseph B. Hyche and Diebold Nixdorf, Inc.*, Case No. 2020 CA 000756F (the "State Court Action"). In

accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Diebold are attached hereto as Exhibit A.

2. Plaintiffs filed their State Court Action in the Circuit Court of the First Judicial Circuit of Florida, in and for Okaloosa County, Florida. Venue in this Court is proper because the State Court Action is pending within the Pensacola Division of the United States District Court for the Northern District of Florida.

3. Jurisdiction is also proper in this Court. This case is removable, pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332, because the parties are completely diverse and the amount in controversy exceeds $75,000.00. Further, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(3).

## REMOVAL IS TIMELY

4. The time for removal is governed by 28 U.S.C. § 1446(b), which requires that a notice of removal be filed within 30 days of receipt by the defendant of the plaintiff's initial pleading. If the case is not removable on the face of plaintiff's initial pleading, 28 U.S.C. § 1446(b)(3) provides that "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

5. Plaintiffs filed their Complaint on March 5, 2020, and Diebold accepted service on March 13, 2020.

6. Diebold did not file a notice of removal within 30 days of service of Plaintiffs' Complaint as it could not be ascertained from the face of the Complaint that the State Court Action was removable. Plaintiffs' Complaint alleges that Plaintiffs and Defendant Hyche are residents of Florida, and that Diebold is an Ohio corporation doing business in Florida. Ex. A, Compl. ¶¶ 2-4. The State Court Action was not removable at that time because it lacked complete diversity among the plaintiffs and defendants.

7. On May 15, 2020, Defendant Hyche served his responses to Plaintiffs' Interrogatories, attached hereto as Exhibit B. In response to Interrogatory No. 2, Defendant Hyche listed his addresses for the past 10 years. Although Defendant Hyche lived in Navarre, Florida, at the time of the subject incident, he moved to Alabama in or around May 2018 – approximately two years before Plaintiffs filed their Complaint.

8. Prior to May 15, 2020, Diebold did not have knowledge or belief that Defendant Hyche moved from Florida to Alabama as Defendant Hyche had not been an employee of Diebold since 2018.

9. Diebold did not ascertain that complete diversity existed until it was served with Defendant Hyche's answers to Plaintiffs' interrogatories. Those

responses constitute an "other paper" triggering Diebold's right to remove this case. *See Fleming v. Colonial Stores, Inc.*, 279 F. Supp. 933 (N.D. Fla. 1968) (holding petition for removal made by defendant within 30 days after interrogatories were answered was timely); Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3723, pp. 306-10 ("Various discovery documents such as . . . answers to interrogatories usually are accepted as 'other paper' sources that initiate a new thirty-day period of removability").

10. This Notice of Removal is timely filed within 30 days of Diebold's receipt of the "other paper" from which it first ascertained that the case was removable.

## COMPLETE DIVERSITY EXISTS

11. Complete diversity exists between Plaintiffs and Defendants. At all times material to this action, Plaintiffs have been residents of Okaloosa County, Florida. *See* Ex. A, Compl. ¶¶ 2-3.

12. Diebold is incorporated and maintains a principal place of business in Ohio. *Id.* at ¶ 4.

13. Defendant Hyche is and was a resident of Alabama at the time of the filing of the Complaint and at the time of this removal. *See* Ex. B, Answer to Interrogatory No. 2.

4

14. Accordingly, there is complete diversity of citizenship under 28 U.S.C. § 1332 because none of the Defendants are citizens of Florida and because there is complete diversity among and between Plaintiffs and all Defendants.

## AMOUNT IN CONTROVERSY EXCEEDS $75,000

15. This action arises from alleged injuries and damages resulting from a motor vehicle versus motorcycle accident. Plaintiffs' Complaint does not specify an amount of damages.

16. To meet the amount in controversy requirement, the removing defendant must demonstrate that the amount in controversy likely exceeds the court's jurisdictional threshold. *Williams v. Best Buy Company, Inc.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001). Where the complaint does not expressly allege a specific amount in controversy, removal is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. *Id.*

17. When determining the amount in controversy, courts of the Eleventh Circuit follow the "plaintiff-viewpoint rule" wherein courts "are to measure the value of the object of the litigation solely from the plaintiff's perspective." *Ericsson GE Mobile Communs. v. Motorola Communs. & Elecs.*, 120 F.3d 216, 218-19 (11th Cir. 1997).

18. As proof of the jurisdictional amount, a removing defendant may submit its own evidence in the form of affidavits and other documentary evidence. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 756 (11th Cir. 2010); *see also See Fernandez v. Allstate Ins. Co.*, 2008 U.S. Dist. LEXIS 8086, *2 (E.D. La. 2008) (accepting "damage assessments or repair estimates for the property" as "affirmative proof in regards to the amount in controversy"); *Roe v. Michelin North America, Inc.*, 613 F.3d. 1058 (11th Cir. 2010) (discussing factors for trial court to consider in discerning whether the complaint presents a case that "more likely than not" exceeds $75,000).

19. Here, the Plaintiffs and Diebold engaged in settlement negotiations prior to Plaintiffs filing suit, which included the collection of Plaintiffs' medical records and bills. In general, Plaintiffs Brandon and Shelby Roller allege to have suffered "bodily injury, resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money . . . ." Ex. A at ¶¶ 11, 12, 15, 16. In pre-suit negotiations, Plaintiffs Shelby Roller and Brandon Roller produced medical bills totaling more than $70,000 and $50,000, respectively, allegedly due to injuries sustained in the subject incident.

20. Pre-suit demand letters that provide a "reasonable assessment of the value of the claim" are more indicative of the true amount in controversy. *Moser v. Cincinnati Ins. Co.*, No. 8:14–cv–3121–CEH–TWG, 2015 WL 628961, at *2 (M.D. Fla. Feb. 12, 2015). A court may consider a demand letter in combination with other supporting evidence to determine whether all the evidence taken as a whole establishes that the jurisdictional amount has been satisfied. *Kilmer v. Stryker Corp.*, No. 5:14–cv–456–Oc–34PRL, 2014 WL 5454385, at * 3 (M.D. Fla. Oct. 27, 2014). Accordingly, a settlement offer that contains supporting information, such as medical bills or a specific medical diagnosis, can satisfy the necessary amount in controversy. *See Hernandez v. Burlington Coat Factory of Fla., LLC*, No. 2:15–cv–403–FtM–29CM, 2015 WL 5008863, at *2 (M.D. Fla. Aug. 20, 2015).

21. Here, Plaintiffs made of combined settlement demand well in excess of $75,000, with specific references to the medical and billing records collected to date.[1] *See Boyd v. State Farm Mut. Auto. Ins. Co.*, No. 615CV1965ORL22TBS, 2015 WL 12838805, at *3 (M.D. Fla. Dec. 16, 2015) (finding that a demand letter with specific documentation of medical expenses demonstrated that the amount in

---

[1] To maintain the confidentiality of settlement negotiations, Diebold has not attached the demand letter to this Notice. Diebold, however, can make the demand letter available to the Court for in camera inspection if necessary.

controversy was met). Therefore, it can be reasonably concluded from Plaintiffs' settlement demand and medical records that Plaintiffs claims exceed $75,000.00.

## **ALL OTHER PROCEDURAL REQUIREMENTS HAVE BEEN MET**

22. Copies of all process, pleadings, and orders served on and by Diebold in the State Court Action, and such other papers that are exhibits required by 28 U.S.C. § 1446 and the Local Rules of this Court, are filed herein.

23. Pursuant to 28 U.S.C. § 1446(d), Diebold has provided written notice of the filing of the Notice of Removal, along with copies of this Notice of Removal and all attachments, to all adverse parties and with the Clerk of the Circuit Court of the First Judicial Circuit, in and for Okaloosa County, Florida.

WHEREFORE, notice is hereby given that this action is removed from the Circuit Court of the First Judicial Circuit of Florida, in and for Okaloosa County, Florida to the United States District Court for the Northern District of Florida, Pensacola Division.  Should any question arise to the removal of this matter, Defendant Diebold respectfully requests an opportunity to conduct discovery and/or to provide briefing and an oral argument as to why removal is proper.

/ / /

Respectfully submitted,

/s/ *Jon J. Hernan*

Jon J. Hernan
Florida Bar No.: 658588
**BOWMAN AND BROOKE LLP**
Four Northpoint Center
1064 Greenwood Blvd., Suite 212
Lake Mary, FL  32746-5419
(407) 585-7600 – Telephone
(407) 585-7610 – Facsimile
Jon.hernan@bowmanandbrooke.com

*Attorneys for Defendant Diebold Nixdorf, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via email on this 15th day of June, 2020 to the following:

Christopher P. Janes, Esq. FBN: 100072
Clayton Taylor, Esq. FBN: 17771
MICHLES & BOOTH, P.A.
1502 South Ferdon Blvd.
Crestview, FL  32536
Ph.: (850) 683-4848
Fax: (850) 683-8885
E-Mail: courtdocs@michlesbooth.com
         filing@michlesbooth.com

Respectfully submitted,

/s/ *Jon J. Hernan*

Jon J. Hernan
Florida Bar No.: 658588
**BOWMAN AND BROOKE LLP**

9

Case 1:20-cv-00140-AW-GRJ   Document 1   Filed 06/15/20   Page 10 of 10